No. 9246.

AMERICAN CENTRAL INSURANCE COMPANY *v.* EHRLICH.

INSTRUCTIONS—*Assuming Matter in Issue.* An instruction assuming as a fact, vital matter which is in issue, is error.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the Court.

THIS cause is here on writ of error to review a judgment against plaintiff in error The American Central Insurance Company, for $2,055.79, claimed to be due under a mortgage clause attached to a policy of fire insurance issued by that company. One A. M. Russell is beneficiary under the policy, and the mortgage clause provides that "Loss or damage, if any, under this policy shall be payable to creditors, S. Ehrlich, mortgagee (or Trustee) as interest may appear." The right is reserved by the company to cancel the policy at any time, as provided by its terms; and provides also that in the event of such cancellation the policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to such persons. The word "creditors" was typewritten in a blank space left for the purpose, and the name "S. Ehrlich" following it was written in with a pen.

The goods covered by the insurance were in a building about to be opened by Russell as a general store, in Dalhart, Texas. Ehrlich is a resident and citizen of Denver, Colorado. The policy was issued by local agents of the company at Dalhart on February 25, 1916. Four days later it was cancelled by the general agents of the company, and the premium, less thirty-seven cents to cover insurance for four days, was returned to Russell. At the time of the re-

turn of the premium Russell signed the following relinquishment:

"February 29, 1916.

I, A. M. Russell, do hereby relinquish my right and title to any interest or claim on a fire insurance policy issued by The American Central Insurance Company of St. Louis, Mo. Said policy stands cancelled. Same being Policy No. 4002. Issued by the Dalhart agency.

A. M. Russell, Insured."

Somewhat to the left of the signature of Russell appears the name "S Ehrlich," and below it, opposite the word "Witnesseth," is the name, "J. D. Meler," one of the local agents of the company. It appears that the policy was not surrendered at the time for the reason that it had been delivered to Ehrlich, and sent by him to Denver.

Eight days after this cancellation the goods covered by the policy were destroyed by fire. Ehrlich claimed compensation under the mortgage clause upon the theory that, under it, he had an insurable interest which would be protected for ten days after cancellation of the policy. The company denied liability, whereupon suit was brought and Ehrlich secured judgment as above stated. In this opinion the parties will be designated as they were in the trial court.

A number of errors have been assigned by defendant; but in disposing of this case it will be necessary to consider only those relating to the giving of instruction No. 6, over objection of defendant, concerning the relinquishment or cancellation of the policy, as set out *supra*. It is urged, and there is testimony to support the claim, that Ehrlich affixed his signature to the relinquishment, as an acknowledgment of, and consent to, the cancellation of whatever rights he might have under the mortgage clause. This is disputed by Ehrlich, who testified that he signed it only as a witness to the signature of Russell, the beneficiary. This therefore was a question, and an important question,

of fact for determination by the jury under proper instructions. The instruction covering this point was as follows:

"The policy of insurance in this case could not be cancelled in so far as the interests of the plaintiff are concerned, except by the actual consent of the plaintiff to such cancellation. In order to establish such actual consent, it was not necessary that the policy should actually be surrendered, or should actually be marked "cancelled," and it will suffice to establish such actual cancellation if it appears that when the release was signed by Russell, and witnessed by Ehrlich and Meler, it was understood and agreed by and between the company, represented by its agents, and also by the plaintiff, that the plaintiff actually consented that such release should operate not only as a release of the interests of Russell in the policy, but also of his, the plaintiff's interests, in that policy as well."

This instruction takes from the jury the question of the capacity in which plaintiff affixed his signature to the release, as it states affirmatively that he signed it as a witness to the signature of Russell. This was one of the vital facts which the jury should have been left to determine for itself. The rule as to instructions covering controverted facts is stated in 15 R. C. L. 738, as follows:

"It is a general rule that an instruction which assumes as true the existence or nonexistence of any material fact in issue in respect to which there is some evidence or want of evidence, in conflict therewith, should not be given either by the court of its own motion, or at the request of either party, for the jury is the only tribunal passing on controverted facts in courts of law; and until the verdict is rendered no such fact is established or shown to exist. Of the right of the trial court to speak of facts as established in charging a jury it has been said that it must stop where in any reasonable view of the evidence there is room for debate as to where the truth lies."

In the case at bar the question of the significance and purpose of the signature of plaintiff to the release was

plainly debatable, there being strongly conflicting testimony on this point, and the giving of the instruction complained of was manifestly wrong and prejudicial. The judgment will therefore be reversed and the cause remanded for further proceedings according to law.

Judgment reversed and cause remanded with directions.

Mr. Chief Justice Hill and Mr. Justice Allen concur.